IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mr. Jerome Fredrick Toney, ) | C/A No. 0:16-305-PMD-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| William L. Davis, Jr., *Program Manager*, *Not* ) | |
| *Guilty By Reason of Insanity Outreach Clinic*; ) | |
| State of South Carolina, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

      This is an action seeking habeas corpus relief under 28 U.S.C. § 2254. Petitioner is confined to a state institution based on an order of civil commitment. Under Local Civil Rule 73.02(B)(2)(c) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

      The respondent originally filed a response to the habeas petition on June 14, 2016, moving to dismiss the petition for failure to state a claim on which relief can be granted. (ECF No. 31.) The court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), providing the petitioner with an explanation of the dismissal procedures in federal habeas corpus cases. (ECF No. 33.) The petitioner filed a response in opposition to the motion to dismiss and a supplement. (ECF Nos. 36 & 39.)

      The respondent has now filed an amended motion to dismiss in response to the court's September 13, 2016 Order directing the respondent's to clarify which parties he represents in this case. (ECF No. 42.)

**TO THE PETITIONER:**

      While the court will consider the petitioner's response in opposition to the motion to dismiss and supplement when it considers the respondent's amended motion to dismiss, the court will also allow the petitioner fourteen (14) days from the date of this order to file a response to the amended motion to dismiss with any material that the petitioner feels is appropriate to oppose the respondent's motion, if he so desires.

### Explanation of Motions to Dismiss

Motions to dismiss can be filed pursuant to Fed. R. Civ. P. 12. Many motions to dismiss are filed under Fed. R. Civ. P. 12(b)(6), in which the respondent usually argues that the law does not provide a right to relief for claims that a petitioner makes in his case. Because motions to dismiss usually concern questions of law and not questions of fact, the court presumes as true the plausible facts of the petition for the purpose of a motion to dismiss.

The court decides a motion to dismiss on the basis of the applicable law and pleadings, meaning the petition, respondent's answer (if any), the exhibits attached to the petition, documents that the petition incorporates by reference (provided they are both undisputed and pertinent to the pleaded claims), and materials of which the court may take judicial notice. In some cases, the parties present materials outside of the pleadings, such as affidavits or declarations in support of or in opposition to the motion to dismiss. If the court, in its discretion, considers materials outside of the pleadings, the motion to dismiss is converted to a motion for summary judgment under Fed. R. Civ. P. 56. See Fed. R. Civ. P. 56(d).

### Your Response to the Respondent's Motion/Return

Your filing in opposition to the respondent's motion and/or return should be captioned either as "Response to Motion to Dismiss" and should include the following: (1) an explanation of your version of the facts, if different from respondent's version of the facts; and (2) your legal argument regarding why the court should not grant the motion and end your case. Rule 56(c) requires that you support your version of all disputed facts with material such as depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. Your failure to support facts in dispute with such material may result in the court granting the motion. Any affidavits or declarations you file in opposition to summary judgment must be based on personal knowledge, contain facts admissible in evidence, and be signed by a person who would be competent to testify on matters contained in the affidavit or declaration if called to testify about them at trial. The court will not consider affidavits, declarations, or exhibits that are unrelated to this case or affidavits or declarations that contain only conclusory statements or argument of facts or law. If you fail to dispute the respondent's version of the facts with proper support of your own version, the court may consider the respondent's facts as undisputed.

All affidavits, declarations, or other evidence you submit to the court must be made in good faith and the facts sworn to in the affidavit or affirmed in the declaration must be true. All affidavits and declarations submitted in this case are submitted under penalties of perjury or subornation of perjury. 18 U.S.C. §§ 1621 and 1622. If the court finds that a party has presented affidavits, declarations, or other evidence in bad faith or only to delay the action, the court may order sanctions, payment of fees, or hold that party in contempt of court.



**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 28, 2016
Columbia, South Carolina

# EXCERPTS OF FEDERAL RULES OF CIVIL PROCEDURE
# Rule 12 and Rule 56 (effective December 1, 2010)

**Rule 12.  Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions, Waiving Defenses; Pretrial Hearing**

**(a) Time to Serve a Responsive Pleading**.  [OMITTED]

   . . .

**(b) How to Present Defenses**.  Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:
   (1) lack of subject-matter jurisdiction;
   (2) lack of personal jurisdiction;
   (3) improper venue;
   (4) insufficient process;
   (5) insufficient service of process;
   (6) failure to state a claim upon which relief can be granted; and
   (7) failure to join a party under Rule 19.
A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.  If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim.  No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

**(c) Motion for Judgment on the Pleadings**.  After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

**(d) Result of Presenting Matters Outside the Pleadings.**  If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

**(e) Motion for a More Definite Statement**.  A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

**(f) Motion to Strike**.  The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act:
     (1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

**(g) Joining Motions**.

**(1) Right to Join**.  A motion under this rule may be joined with any other motion allowed by this rule.

**(2) Limitation on Further Motions**.  Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

**(h) Waiving and Preserving Certain Defenses**.

**(1) When Some Are Waived**.  A party waives any defense listed in Rule 12(b)(2)-(5) by:
(A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
(B) failing to either:
(i) make it by motion under this rule; or
(ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

**(2) When to Raise Others**.  Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:
(A) in any pleading allowed or ordered under Rule 7(a);
(B) by a motion under Rule 12(c); or
(C) at trial.

**(3) Lack of Subject-Matter Jurisdiction**.  If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

**(i) Hearing Before Trial**.  If a party so moves, any defense listed in Rule 12(b)(1)-(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.